IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MOSLEY,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-0813** |
| | : | |
| **TEN PENN CENTER,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                          **APRIL 28, 2023**

Plaintiff James Mosley brings this action asserting claims for civil rights violations and legal malpractice against some of the defendants he sued in a 2022 state court action, as well as his former attorney in that matter. Currently before the Court are Mosley's *pro se* Complaint (ECF No. 2) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Mosley is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, Mosley's Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction.

## I.     FACTUAL ALLEGATIONS[1]

The factual allegations of Mosley's Complaint are brief. Mosely asserts that his former attorney, Defendant Mario Palmieri, "deliberately" and "negligently" failed to attend a case management conference on May 4, 2022 in a personal injury suit Mosley filed in the Court of

---

[1] The facts set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2) and the Exhibits he filed with the Complaint (ECF No. 2-1). The Court adopts the pagination assigned to the Complaint and the Exhibits by the CM/ECF docketing system.

Common Pleas for Philadelphia County in February of that year, (hereinafter, "CCP-PI action").[2] (Compl. at 3-4.) Mosley claims that Palmieri similarly failed to attend the rescheduled date for the case management conference on May 25, 2022. (*Id.* at 4.) The docket in the CCP-PI action reflects that Defendant Palmieri subsequently filed a motion seeking to withdraw his appearance on behalf of Mosley on or about July 5, 2022, and that the motion was granted on August 9, 2022. (*See* CCP-PI action, Motion to Withdraw – July 5, 2022, & Order 39 – Aug. 15, 2022.)

Several of the Defendants named in this matter were also named as defendants in the CCP-PI action, including Ten Penn Center, Ten Penn Center Associates, L.P., and SAP V. Ten Penn Center NF GP LLC.[3] (Compl. at 3; *see also* CCP-PI action, Complaint ¶¶ 2-4.) Defendant Ten Penn Center is a commercial building located at 1801 Market Street in Philadelphia, Pennsylvania. (Compl. at 4; *see also* Exhibit C, ECF No. 2-1 at 7, 10-12.) Mosley's CCP-PI action stemmed from a February 3, 2020 incident in which Mosley fractured his nose after a barstool he was seated on in the Starbucks store at Ten Penn Center collapsed causing Mosley to fall forward and strike his face on the counter. (CCP-PI action, Complaint ¶¶ 11, 19.) As it relates to this action, Mosley alleges that Defendant Palmieri entered into a stipulation of dismissal on his behalf that dismissed Ten Penn Center from the CCP-PI action, and which was filed on May 4, 2022 – the same date Defendant Palmieri failed to attend the case management conference. (Compl. at 4; *see also* Exhibit B, ECF No. 2-1 at 4.)[4]

---

[2] *See James Mosley v. Ten Penn Center, et al.*, No. 220200126, (C.P. Phila. County 2022).

[3] It appears that Mosley misidentified this Defendant in the Complaint in this case. The Court utilizes the correct name of this Defendant throughout this Memorandum. (*Compare* Compl. at 3, *with* CCP-PI action, Complaint ¶ 4.)

[4] Exhibit B to the Complaint also makes clear that Ten Penn Center Associates, L.P. and SAP V. Ten Penn Center NF GP LLC were also dismissed from the CCP-PI action based on the May 4, 2022 stipulation. (Exhibit B, ECF No. 2-1 at 4.) The remaining defendant in the CCP-PI action,

Based on these allegations, Mosley asserts that he has "sustained emotional distress[,] mental anguish[, and] irrepar[a]ble harm due to the unlawful practice[s]" of Palmieri and the other Defendants "who violated [his] civil rights" to equal protection and due process of law. (Compl. at 5.)  Mosley seeks $1,000,000 in compensatory damages and asks this Court to enter sanctions against Defendant Palmieri. (Id.)

## II.   STANDARD OF REVIEW

The Court will grant Mosley leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court must also review the Complaint and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R.

---

Starbucks Corporation, was not named as a Defendant in this case. (*Compare* Compl. at 3, *with* CCP-PI action, Complaint ¶ 5.)

Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III.  DISCUSSION

Mosley's Complaint does not cite a specific statute under which he seeks relief. Rather, Mosley simply indicated on his form Complaint that the basis for the Court's jurisdiction over his claims arises under "Federal Questions." (Compl. at 2.) Construing Mosley's Complaint liberally, since he uses the phrases "due process rights" and "equal protection of the law", it appears that Mosley is attempting to assert civil rights violations based on Defendants' conduct related to the CCP-PI action. (*Id.* at 3-4.) The statute under which such claims may be pursued in federal court is 42 U.S.C. § 1983.

A.      **Mosley's Claims Under § 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Pursuant to § 1983, action under color of state law requires that the one liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). However, "purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

Defendant Palmieri, an attorney in private practice that Mosley retained to bring the CCP-PI action, is not subject to liability under § 1983 because he is a private individual and not a state actor. *See Williams v. Francois*, No. 22-3404, 2022 WL 17252191, at *3 (E.D. Pa. Nov. 28, 2022), *aff'd*, 22-3339, 2023 WL 2203570 (3d Cir. Feb. 24, 2023) (dismissing plaintiff's federal claims against his ex-wife, former lawyer, and the lawyer's firm because none of the defendants were state actors); *see also Shallow v. Rogers*, No. 05-6227, 2006 WL 924990, at *4 (E.D. Pa. Apr. 6, 2006), *aff'd*, 201 F. App'x 901 (3d Cir. 2006) (finding that plaintiff's § 1983 claims against a private attorney representing plaintiff's ex-wife warranted dismissal because the attorney "did not qualify as a state actor" and noting that there were no allegations that attorney's

5

actions were "'fairly attributable'" to the state); *see also Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 128 (D.N.J. 1998) ("An attorney representing a private litigant who alleges a cause of action against another private party in federal or state court does not act under color of law, either state law for the purposes of an action under section 1983, or federal law for the purposes of an action under *Bivens*[.]") (collecting cases).

The same is true with respect to Defendants Ten Penn Center Associates, L.P. and SAP V. Ten Penn Center NF GP LLC.  The Complaint does not allege facts to support an inference that there is a "close nexus" between the private litigation conduct of these Defendants in the CCP-PI action, and the state itself such that the challenged action can fairly be treated as that of the state.  *See Leshko*, 423 F.3d at 339.  Mosley also fails to allege that either of these Defendants had any connection to a state, county, or local governmental entity, and none of his allegations suggest that these Defendants were operating as anything other than private actors.  Based on the allegations of the Complaint, neither Ten Penn Center Associates, L.P., nor SAP V. Ten Penn Center NF GP LLC, are subject to liability under § 1983 because they are not state actors.  Finally, Mosley fails to state a plausible claim against Defendant Ten Penn Center, a commercial building, because a building is not a "person" subject to suit under § 1983.  *See, Shipley v. Delaware Cnty. Tax Claim Bureau*, No. 13-7398, 2015 WL 2208521, at *6 (E.D. Pa. May 12, 2015) (recognizing that plaintiff failed to state a claim against the Delaware County Government Center "because it is a complex of buildings, not a 'person' who may be sued under Section 1983."); *see also Washington v. Pa. Crim. Just. Sys.*, No. 17-4706, 2018 WL 2994376, at *1 (E.D. Pa. June 14, 2018) ("[T]he 20th E Pennsylvania Central Detectives Building is not a person that can be sued under § 1983").

Accordingly, any claims Mosley seeks to bring under § 1983 against the Defendants in this case will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Mosley will not be granted to leave to amend his § 1983 claims as it appears that any attempt to amend would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile").

### B.    State Law Claims

Mosley's Complaint also appears to allege legal malpractice claims against Defendant Palmieri under Pennsylvania state law. The Court declines to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367, having dismissed Mosley's federal claims against all Defendants. Accordingly, the only independent basis for jurisdiction over any state law claims is 28 U.S.C. § 1332, which provides that a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "The burden of

7

establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Mosley alleges that he is a citizen of the state of Pennsylvania. (Compl. at 4.) He further alleges that Defendants are citizens of Pennsylvania and New York. (*Id.*) Based on these allegations, it appears that at Mosley and at least one Defendant are citizens of Pennsylvania, and thus complete diversity is lacking. As a result, the Court cannot exercise diversity jurisdiction over Mosley's state law claims, *see Lincoln Ben. Life Co.*, 800 F.3d at 105, and all state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Mosley's right to assert these claims in an appropriate state court.[5]

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Mosley leave to proceed *in forma pauperis* and dismiss Mosley's federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mosley's state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to his right to raise those claims in an appropriate state court. An appropriate Order follows.

                                              **BY THE COURT:**

                                              **/s/ Gerald J. Pappert**
                                              **GERALD J. PAPPERT, J.**

---

[5] Since Mosley cannot cure the jurisdictional defect here, the Court concludes that any effort to amend his citizenship allegations would be futile.